551 S.E.2d 591

The STATE, Respondent,

v.

Tommy Lee JAMES, Appellant.

No. 3361.

Court of Appeals of South Carolina.

Heard June 5, 2001.

Decided June 25, 2001.

Rehearing Denied Aug. 23, 2001.

Certiorari Granted Nov. 15, 2001.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney

General Robert E. Bogan and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.

ANDERSON, J.:

Tommy Lee James appeals his conviction and life sentence for first degree burglary arguing the trial court erred in (1) permitting the State to introduce evidence of his seven prior burglary convictions and (2) submitting the prior burglary indictments to the jury. We affirm.

## FACTS/PROCEDURAL BACKGROUND

On the afternoon of April 5, 1997, Ramona and Richard Granger were performing lawn care at the home of Edyth Richards and Frances Gilbert when they noticed a bicycle leaning against the outside of the fence. They observed James on the front porch of the residence, walking away from the front door. His pockets were bulging. When Mrs. Granger asked James if he needed help, he replied that he was looking for "the rent man." Mrs. Granger told James no such person lived there. James got on the bicycle and pedaled quickly away.

Mr. Granger asked his wife to check the front door. When she said the door was open, he decided to follow James. Mr. Granger called 911 on his cellular phone as he drove behind James. James was apprehended after he abandoned his bicycle and hid behind a tree. He had a screwdriver sticking out of his pocket.

Upon investigation, police determined someone forcibly gained entry to the home of Richards and Gilbert through the front door. Further, someone had rummaged through both bedrooms. Several items were missing, including thirteen rolls of quarters. Police later returned the missing property.[1] After his arrest, James gave an oral statement in which he denied burglarizing the residence.

---

1. The jury heard no testimony concerning where the police recovered the stolen quarters because of a search and seizure violation.

## *ISSUES*

I. In a prosecution for first degree burglary where the aggravating circumstance is the defendant's prior convictions for burglary, housebreaking, or both, should the State be limited to introducing two prior convictions?

II. Does the trial court improperly allow the introduction of hearsay evidence by submitting the actual indictments of a defendant's prior burglary convictions to the jury?

## *LAW/ANALYSIS*

### I. Introduction of Prior Convictions

James contends the trial court erred in allowing the State to introduce seven of his prior convictions for burglary where the State could have established the aggravating circumstance necessary to elevate the instant charge to first degree burglary with the introduction of only two prior convictions. We disagree.

Rulings on the admissibility of evidence are left to the sound discretion of the trial court. *State v. Blassingame,* 338 S.C. 240, 525 S.E.2d 535 (Ct.App.1999). The trial court's evidentiary rulings will therefore be reversed only upon a showing of an abuse of discretion which results in prejudice. *State v. Fulton,* 333 S.C. 359, 509 S.E.2d 819 (Ct.App.1998).

James was indicted for first degree burglary in violation of South Carolina Code section 16–11–311(A)(2), which reads:

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . .

(2) the burglary is committed by a person with a prior record of *two or more* convictions for burglary or housebreaking or a combination of both. . . .

S.C.Code Ann. § 16–11–311(A)(2) (Supp.2000) (emphasis added). The trial court permitted the State to introduce seven of James' prior convictions for burglary over defense objections to the introduction of more than two prior offenses. James maintains introduction of more than two of his prior convictions was not necessary and was unduly prejudicial.

In *State v. Hamilton*, 327 S.C. 440, 486 S.E.2d 512 (Ct.App. 1997), this Court held that under section 16–11–311(A)(2), "prior burglary or housebreaking convictions are clearly an element of burglary in the first degree." *Id.* at 446, 486 S.E.2d at 515. As such, the prosecution in *Hamilton* was entitled to present evidence relevant and material to that element of the offense, despite our "well-established rule that evidence that an accused has committed other crimes is not admissible in the prosecution for the crime charged." *Id.* at 447, 486 S.E.2d at 515. The Court reasoned that the prosecution could not be forced to stipulate generally to the prior offenses or to the fact that the defendant had the legal status to be charged with first degree burglary because such stipulation might cause a substantial gap in the evidence needed for the jury to find the defendant guilty of the offense. *Id.* at 446, 486 S.E.2d at 515.

The *Hamilton* Court analyzed the prejudicial impact of the evidence:

[H]ad the South Carolina General Assembly wished to use the prior convictions as merely a sentence enhancer rather than as an element of the crime, it could have done so. . . . Certainly, a cogent argument can be made that the statute contravenes the well-established rule that evidence that an accused has committed other crimes is not admissible in the prosecution for the crime charged. Rule 404(b), SCRE; *State v. Gregory*, 191 S.C. 212, 220, 4 S.E.2d 1, 4 (1939); *State v. Williams*, 31 S.C.L. (2 Rich.) 418, 421–22 (1845). It is not this court's province, however, to question the wisdom of a legislative enactment.

Finally, Appellant asserts it was error to allow proof of the prior burglary offenses because the evidence was not admissible under any of the exceptions recognized in *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). Appellant's argument is misplaced, however, since the State did not offer proof of his prior burglary convictions to establish motive, intent, identity, or common scheme or plan. Here, Appellant's prior burglary convictions were presented solely to prove an element of the crime for which he was charged. Evidence which is logically relevant to a material element of the offense charged should not be excluded merely because it may also show guilt of another crime. *See State v.*

*Tillman,* 304 S.C. 512, 518, 405 S.E.2d 607, 611 (Ct.App.), *cert. denied,* (Sept. 5, 1991).

*Hamilton,* 327 S.C. at 447, 486 S.E.2d at 515–16 (footnote omitted).

Our Supreme Court recently discussed this issue in *State v. Benton,* 338 S.C. 151, 526 S.E.2d 228 (2000). The Court rejected a claim that section 16–11–311(A)(2), " 'as interpreted in *State v. Hamilton,*' " unconstitutionally deprives defendants of due process of law " 'because evidence required to prove the status element of prior convictions dilutes the State's burden of proof with respect to the remaining elements of the offense.' " *Id.* at 154–55, 526 S.E.2d at 229. In concluding the statute did not facially violate due process, the Court explained:

> To deter repeat offenders, the General Assembly chose to include *two or more* prior burglary and/or housebreaking convictions as an element of first degree burglary. The United States Supreme Court has held this is a valid state purpose which does not violate due process. We agree.

*Benton,* 338 S.C. at 154, 526 S.E.2d at 230 (emphasis added)(internal citation omitted). The Court noted "evidence of other crimes is admissible to establish a material fact or element of the crime charged." *Id.* at 155, 526 S.E.2d at 230 (citing *State v. Johnson,* 293 S.C. 321, 360 S.E.2d 317 (1987)).

James contends that a Rule 403 analysis negates the admissibility of the additional convictions. *Benton* states:

> [W]e note evidence of other crimes is admissible to establish a material fact or element of the crime charged. *State v. Johnson,* 293 S.C. 321, 360 S.E.2d 317 (1987).... For purposes of an element of first degree burglary under § 16–11–311(A)(2), we conclude the probative value of admitting the defendant's prior burglary and/or housebreaking convictions is not outweighed by its prejudicial effect. Rule 403, SCRE.

Further, while generally inadmissible, propensity evidence is not prohibited. Propensity evidence is admissible if offered for some purpose other than to show the accused is a bad person or he acted in conformity with his prior convictions. Rule 404, SCRE (evidence of other crimes is not admissible to prove character to show action in conform-

ity but to show motive, absence of mistake or accident, intent, identity, the existence of common scheme or plan). Here, appellant's two prior burglary convictions were offered to prove a statutory element of the current first degree burglary charge, not to suggest appellant was a bad person or committed the present burglary because he had committed prior burglaries.

*Benton,* 338 S.C. at 155–56, 526 S.E.2d at 230 (footnote omitted).

■ Section 16–13–311(A)(2) provides a person is guilty of first degree burglary if he commits a burglary and has *two or more* convictions for burglary, housebreaking, or a combination thereof. Nothing in the statute limits the number of convictions the State may use to prove this element of the offense. Certainly had the General Assembly intended to limit the use of prior convictions to two in order to prevent the possibility of undue prejudice to the defendant, it could have easily done so. Because the element is *two or more* qualifying prior offenses, we find no error in the court's admission of James' seven prior burglary convictions.

We are mindful of the potential for prejudicial effect in the admission of such evidence. However, as is required, the trial court instructed the jury to limit its consideration of James' prior convictions to the particular purpose for which the convictions were offered. *See Benton,* 338 S.C. at 156, 526 S.E.2d at 231; *Hamilton,* 327 S.C. at 447, 486 S.E.2d at 516. *See also* Rule 105, SCRE (when evidence is admissible for one purpose but not for another, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly). The Court issued this instruction immediately after the admission of the evidence and again during its general jury charge. These instructions required the jury to consider James' prior convictions only to the extent necessary to determine whether he was guilty of the aggravating circumstance charged, and not to consider the offenses as evidence of bad character or as evidence of whether he committed the burglary in question. We find no abuse of discretion.

## II. Admission of Prior Indictments

■ James maintains the trial court erred in admitting the prior indictments and submitting them to the jury for consid-

eration. He argues the indictments contain inadmissible, prejudicial hearsay. This issue is not preserved.

James first objected to the introduction of the indictments on this ground after the close of all evidence and the charge of the jury. This objection was untimely. The State introduced the indictments during the presentation of its case. Because James failed to contemporaneously object on the ground he now asserts, this issue is not preserved. *See State v. McHoney*, 344 S.C. 85, 544 S.E.2d 30 (2001)(contemporaneous objection required at trial to properly preserve error for appellate review); *State · v. Benton*, 338 S.C. 151, 526 S.E.2d 228 (2000)(issue not preserved if party argues one ground for objection at trial and a different ground on appeal).

## CONCLUSION

We hold the trial court did not err in admitting seven of James' prior convictions for burglary. Further, we find James' contention that the indictments should have been excluded because they contain inadmissible, prejudicial hearsay is not preserved for our review. Accordingly, James' first degree burglary conviction is

**AFFIRMED.**

HUFF, J., concurs.

SHULER, J., concurs in a separate opinion.

SHULER, J., concurring:

I agree with the decision to affirm this case but write separately because I believe the element of first degree burglary found in § 16–11–311(A)(2) simply requires the State to prove *at least two* earlier convictions for burglary and/or housebreaking. Thus, in my view, the statutory language referencing "two or more" prior convictions does not mandate the admission of James' entire prior record for burglary; rather, the admissibility of his prior convictions is governed by traditional rules of evidence.

*Hamilton* and *Benton* do not dispense with the requirement that all evidence be more probative than prejudicial. Instead, these cases merely hold that two prior convictions for burgla-

ry, where necessary to prove an essential element of the crime charged, are inherently more probative than prejudicial. *See Benton,* 338 S.C. at 155–56, 526 S.E.2d at 230 ("For purposes of an element of first degree burglary under § 16–11–311(A)(2), we conclude the probative value of admitting the defendant's prior burglary and/or housebreaking convictions is not outweighed by its prejudicial effect."); *see also Hamilton,* 327 S.C. at 446, 486 S.E.2d at 515 (implicitly finding two prior convictions more probative than prejudicial because they were an element of the crime that the State was required to prove; the court noted that had the convictions been ruled inadmissible, "there would have been a substantial gap in the evidence necessary for the jury to convict Hamilton of burglary in the first degree").

While I feel constrained by *Benton* and *Hamilton* to find the trial court did not err in admitting all seven burglary convictions, *see, e.g., Hamilton,* 327 S.C. at 445, 486 S.E.2d at 514 (citing the "fundamental principle" that the State "is entitled to prove its case with evidence of its own choosing"), I am mindful that neither case involved the admission of more than two prior convictions into evidence. To me, it is readily apparent that the problem arising from this case, the seemingly unnecessary introduction of extremely prejudicial evidence of numerous prior burglary convictions, stems directly from what appears to be a general prosecutorial policy of refusing to accept a defendant's offer to admit the validity of the predicate prior convictions. In my view, just because the State is entitled to reject a defendant's "stipulation" in this regard does not mean that in the interest of fairness it should.