THE STATE OF SOUTH CAROLINA

STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

 v.

 
 
 
Jo Pradubsri,       
Appellant.
 
 
 

Appeal From Richland County
Marc H. Westbrook, Circuit Court Judge

Unpublished Opinion 
 No. 2003-UP-68
Submitted January 13, 2003  Filed 
 January 22, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of Columbia, 
 for Appellant.
Attorney General Charles M. Condon, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General Melody J. Brown; and Solicitor Warren B. Giese, all 
 of Columbia, for Respondent.
 
 
 

 PER CURIAM:  Jo Pradubsri was found guilty of trafficking 
 crack cocaine following a jury trial.  He was sentenced to five years imprisonment.  
 On appeal, Pradubsri argues the trial judge erred in (1) refusing to suppress 
 evidence received pursuant to a defective search warrant; (2) allowing Pradubsri 
 to be impeached with four prior crack cocaine convictions; and (3) refusing 
 to redact Pradubsris statement.  We affirm. 
 [1] 
FACTS/PROCEDURAL BACKGROUND
On October 6, 1998, Sandra Griffin, the property manager of 
 Mallard Pointe Apartments, received information from one of her maintenance 
 workers that he had seen crack cocaine on a table in apartment 2-A while he 
 was doing repair work.  Griffin called the Richland County Sheriffs Department 
 to report the situation.
Officer Randall Owens went to the apartment complex to confirm the call.  He 
 spoke to both Griffin and the maintenance worker about the tip.  Officer Owens 
 told Sergeant Barry Wright the information he learned.  Wright called the local 
 magistrate, told him the information, and requested a search warrant.  Investigator 
 Robert Lanier went to the magistrates office and signed the affidavit in connection 
 with the warrant.  The magistrate then issued the search warrant.
 When the search was executed, the officers recovered two containers 
 of crack in a bedroom drawer, $1,480.00 in cash in the same drawer, digital 
 scales, another bag of drugs, and hand-held scales.  Tests indicated 
 the materials found totaled 30.99 grams of crack cocaine.
 Pradubsri returned to his apartment shortly after the search was 
 completed.  He gave a statement claiming ownership of the drugs.  When asked 
 how long he had been selling, he stated he quit for a while, but [he] started 
 back two weeks ago.
Pradubsri was indicted for trafficking crack cocaine, twenty-eight to one hundred 
 grams, second offense.  A jury convicted him of trafficking crack cocaine, ten 
 to twenty grams.  He was sentenced to five years imprisonment.
LAW/ANALYSIS
I.  
 Search Warrant
Pradubsri argues the trial court erred in refusing 
 to suppress the evidence obtained pursuant to a defective search warrant.  We 
 find this argument has no merit.
At the suppression hearing before trial, Sandra Griffin, the property 
 manager for the apartment complex, testified that a maintenance request came 
 from Pradubsris apartment and the maintenance supervisor went to the apartment.  
 When he returned to the office, the maintenance supervisor told Griffin there 
 were drugs and money in the apartment.  Griffin then called the Richland County 
 Sheriffs Department.
 After receiving the drug tip, the Sheriffs Department assigned the 
 case to Sergeant Barry Wright.  Wright first sent Officer Randall Owens to the 
 apartment complex to confirm the call.  Owens spoke to both the manager and 
 the maintenance worker to confirm the tip.  Wright then called the local magistrate 
 and told him the information, including the identity of the informant and the 
 basis of his knowledge.  He explained to the magistrate that the tipster was 
 scared for his own safety.  Wright asked if another officer could sign the 
 affidavit in his place and was given permission to do this.  Wright faxed the 
 affidavit to the magistrate.  Investigator Robert Lanier went to the magistrates 
 office, was sworn, and signed the affidavit.  When they executed the search, 
 the officers found 30.99 grams of crack cocaine in the apartment, in addition 
 to scales and cash.
At trial, Pradubsri moved to suppress the evidence seized from the 
 search warrant.  The warrant stated the police received information from a confidential 
 and reliable first time informant within the past seventy-two hours that crack 
 cocaine was stored at Pradubsris apartment.  The warrant also stated that [t]he 
 informant is reliable in that they [sic] have provided information to agents 
 that has been verified to be true.
 An appellate court reviewing the decision to issue a search warrant 
 should decide whether the magistrate had a substantial basis for concluding 
 probable cause existed.  State v. King, 349 S.C. 142, 561 S.E.2d 640 
 (Ct. App. 2002); State v. Arnold, 319 S.C. 256, 460 S.E.2d 403 (Ct. App. 
 1995). This review, like the determination by the magistrate, is governed by 
 the totality of the circumstances test.  State v. Jones, 342 S.C. 121, 
 536 S.E.2d 675 (2000); King, 349 S.C. at 148, 561 S.E.2d at 643.  The 
 appellate court should give great deference to a magistrates determination 
 of probable cause.  State v. Weston, 329 S.C. 287, 494 S.E.2d 801 (1997); 
 King, 349 S.C. at 148, 561 S.E.2d at 643.
A search warrant may issue only upon a finding of probable cause. 
 Weston, 329 S.C. at 290, 494 S.E.2d at 802; see also S.C. Code 
 Ann. § 17-13-140 (1985) (providing search warrants may be issued only upon 
 affidavit sworn to before the magistrate . . . establishing the grounds for 
 the warrant).  This determination requires the magistrate to make a practical, 
 common-sense decision of whether, given the totality of the circumstances set 
 forth in the affidavit, including the veracity and basis of knowledge of persons 
 supplying information, there is a fair probability that contraband or evidence 
 of a crime will be found in a particular place.  State v. Bellamy, 336 
 S.C. 140, 519 S.E.2d 347 (1999); King, 349 S.C. at 150, 561 S.E.2d at 
 644; State v. Philpot, 317 S.C. 458, 454 S.E.2d 905 (Ct. App. 1995); 
 State v. Adolphe, 314 S.C. 89, 441 S.E.2d 832 (Ct. App. 1994).
Pradubsri specifically contends the warrant was 
 defective because Wrights testimony was not sworn.  Given the totality of the 
 circumstances, we find no error.  Officer Lanier was told of the information 
 and adopted it when he signed the affidavit under oath.  Just because the magistrate 
 first heard about the information as a result of a phone conversation with an 
 unsworn officer does not mean another officer could not swear to the information 
 in a valid affidavit.  Wright even sought and received permission from the magistrate 
 for a different officer to sign the affidavit.  Further, the magistrate 
 was aware of the identity of the informant and the fact that the informant saw 
 the drugs during a maintenance visit.
II.  Evidence of Prior 
 Convictions
Pradubsri argues the trial court erred in allowing him to be impeached 
 by his four prior crack cocaine convictions without properly weighing their 
 prejudicial effect against their probative value.  We find this argument has 
 no merit.
Pradubsri had two 1991 convictions for possession with intent to 
 distribute crack cocaine and also two 1991 convictions for distribution of a 
 controlled substance within the proximity of a school.  The defense objected 
 to the introduction of this evidence.
Under the South Carolina Rules of Evidence, a defendants prior 
 convictions may be admitted for purposes of impeachment.  State v. Dunlap, 
 346 S.C. 312, 321, 550 S.E.2d 889, 894 (Ct. App. 2001), cert. granted 
 (Jan. 24, 2002).  In Dunlap, we stated the following:

Rule 609(a)(1), SCRE, provides a two-part test for determining 
 whether a defendants prior convictions can be used by the prosecution to impeach 
 him: (1) the prior crime must have been punishable by death or imprisonment 
 in excess of one year; and (2) the court must determine that the probative value 
 of admitting the evidence outweighs its prejudicial effect to the accused.  
 The trial court must weigh the probative value of the prior convictions against 
 their prejudicial effect to the accused and determine, in its discretion, whether 
 to admit the evidence.  Green v. State, 338 S.C. 428, 527 S.E.2d 98 (2000).  
 The following factors should be considered by the trial judge when undertaking 
 this analysis:
 
(1) The impeachment value of the prior crime;
(2) The point in time of the conviction and the witness 
 subsequent history;
(3) The similarity between the past crime and the charged crime;
(4) The importance of the defendants testimony; and
(5) The centrality of the credibility issue.
 
Id. at 433-34, 527 S.E.2d at 101; see also 
 State v. Colf, 337 S.C. 622, 525 S.E.2d 246 (2000) (setting out the above 
 five factors).

Id. at 321-22, 550 S.E.2d at 894-95.
In the instant case, the prior convictions were within the ten-year 
 range required by Rule 609(a), SCRE.  Additionally, the prior convictions were 
 offenses punishable by imprisonment in excess of one year.
On appeal, Pradubsri specifically contends [t]he trial court failed to use 
 the correct factors in weighing the probative value of these past similar crimes 
 versus their prejudicial effect.  The record demonstrates the trial judge performed 
 the required test.  As to the first prior conviction of distribution of a controlled 
 substance within the proximity of a school, the judge stated the following:

I am going to find that it would be appropriate to allow 
 the state to ask about that conviction.  I grant it is a similar conviction, 
 but again it is not exactly the same one, and that tends to reduce the prejudicial 
 value, but I think the probative value is sufficient enough to allow it.

As to the other prior convictions, the judge made the same ruling.
 The trial judge specifically noted the impeachment 
 and prejudicial value of the prior crimes as well as their similarity to the 
 present crime.  Even though the judge did not specifically articulate his findings 
 on each of the factors, he was aware of the rule, conducted the required analysis, 
 and his findings were based on fact.  Thus, the courts admission of Pradubsris 
 prior convictions was not an abuse of discretion.  See Dunlap, 
 346 S.C. at 323, 550 S.E.2d at 895 (finding no abuse of discretion where record 
 revealed trial judge was aware of the requirements of Rule 609(a)(1) even though 
 he arguably did not specifically address each factor).
III.  
 Pradubsris Prior Statement
Pradubsri argues the trial court erred in refusing to redact his 
 statement that admitted to prior drug sales.  We disagree.
 The judge held an in camera hearing on Pradubsris 
 prior statement, which included references to his prior convictions.  In the 
 statement, Pradubsri admitted he was charged in 1991.  The statement also included 
 that Pradubsri was asked, How long have you been selling drugs, and he replied, 
 I quit for a while, but I started back a few weeks ago.  The statement 
 was ruled admissible.  Pradubsri objected to the admission of the statement.  
 The judge required the solicitor to redact specific references to the prior 
 charge but allowed the references to past sales in the last few weeks to remain 
 in the statement.  As to the reference to recent sales, the judge stated, I 
 am going to allow that in.  Intent is always obviously an element of any criminal 
 offense, including a trafficking offense. 
Rulings on the admissibility of evidence are left to the sound 
 discretion of the trial court.  State v. James, 346 S.C. 303, 551 S.E.2d 
 591 (Ct. App. 2001), cert. granted (Nov. 15, 2001); State v. Blassingame, 
 338 S.C. 240, 525 S.E.2d 535 (Ct. App. 1999).  The trial courts evidentiary 
 rulings will therefore be reversed only upon a showing of an abuse of discretion 
 which results in prejudice.  James, 346 S.C. at 306, 551 S.E.2d at 592; 
 State v. Fulton, 333 S.C. 359, 509 S.E.2d 819 (Ct. App. 1998).
Generally, South Carolina law precludes evidence 
 of a defendants prior crimes or other bad acts to prove the defendants guilt 
 for the crime charged.  State v. Weaverling, 337 S.C. 460, 467, 523 
 S.E.2d 787, 791 (Ct. App. 1999) (citing State v. Lyle, 125 S.C. 406, 
 118 S.E. 803 (1923)).  See also Rule 404(b), SCRE (evidence of other 
 crimes, wrongs, or acts is not admissible to prove character of a person in 
 order to show action in conformity therewith).  Further, [o]ur courts view 
 a defendants previous distribution of drugs as a past bad act.  State v. 
 King, 349 S.C. 142, 152, 561 S.E.2d 640, 645 (Ct. App. 2002).
Evidence of prior bad acts is admissible, however, when it 
 tends to establish motive, intent, the absence of mistake or accident, a common 
 scheme or plan embracing the commission of two or more crimes so related to 
 each other that proof of one tends to establish the others, or the identity 
 of the perpetrator.  State v. Hough, 325 S.C. 88, 480 S.E.2d 77 (1997); 
 Lyle, 125 S.C. at 416, 118 S.E. at 807; Weaverling, 337 S.C. at 
 467-68, 523 S.E.2d at 791; Rule 404(b), SCRE.  If not the subject of a conviction, 
 proof of prior bad acts must be clear and convincing.  Weaverling, 337 
 S.C. at 468, 523 S.E.2d at 791 (citing State v. Pierce, 326 S.C. 176, 
 485 S.E.2d 913 (1997)).
To admit prior bad acts regarding drugs under 
 the Lyle exception, there must be a logical relevance between the acts 
 in question and the purpose for introduction.  King, 349 S.C. at 153, 
 561 S.E.2d at 645 (citing State v. King, 334 S.C. 504, 512, 514 S.E.2d 
 578, 582 (1999)).  Under Rule 401, SCRE, evidence is relevant if it has a direct 
 bearing upon and tends to establish or make more or less probable the matter 
 in controversy.  State v. Cheeseboro, 346 S.C. 526, 552 S.E.2d 300 (2001); 
 King, 349 S.C. at 153, 561 S.E.2d at 645; State v. Hamilton, 344 
 S.C. 344, 543 S.E.2d 586 (Ct. App. 2001).  We have previously held that [t]estimony 
 relating to a defendants past drug distribution activities is admissible to 
 establish the element of intent.  King, 349 S.C. at 153, 561 S.E.2d 
 at 645-646 (citing State v. Gore, 299 S.C. 368, 384 S.E.2d 750 (1989)).
If there is any evidence to support the admission 
 of the bad act evidence, the trial judges ruling will not be disturbed on appeal.  
 King, 349 S.C. at 155, 561 S.E.2d at 646.  Applying this standard, we 
 affirm the trial courts admission of this evidence.  Pradubsris own statement 
 that he had started back selling drugs two weeks prior to his arrest was evidence 
 of Pradubsris intent in the instant case.  There is a logical relevance between 
 his statement and the states purpose for introducing it, as the statement was 
 probative of his intent to sell the drugs.  Because there was evidence to support 
 the admission of Pradubsris statement, we find no error.
CONCLUSION
Accordingly, based on the foregoing reasons, Pradubsris conviction 
 is
 AFFIRMED.
 HEARN, C.J., CURETON, and ANDERSON, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.