583 S.E.2d 745

The STATE, Respondent,

v.

Tommy Lee JAMES, Petitioner.

No. 25676.

Supreme Court of South Carolina.

Heard Feb. 20, 2003.

Decided July 14, 2003.

27

Assistant Appellate Defender Robert M. Dudek, of the South Carolina Office of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor Robert M. Ariail, for Respondent.

Chief Justice TOAL.

Petitioner argues that the Court of Appeals erred in failing to grant him a new trial. *State v. James,* 346 S.C. 303, 551 S.E.2d 591 (Ct.App.2001).

## Factual/Procedural Background

On the afternoon of April 5, 1997, Ramona and Richard Granger observed Petitioner, Tommy Lee James ("James"), on the front porch of the home of Edyth Richards and Frances Gilbert. The Grangers cared for Ms. Richards and Ms. Gilbert's lawn and knew that the ladies were not at home on that day. While Mrs. Granger was mowing the lawn, her husband ran several errands.[1] When Mr. Granger returned from the last errand, he and Mrs. Granger noticed that a bicycle was propped against the fence. Soon after they noticed the bicycle, they testified that they saw James on the porch of the home.[2]

Mrs. Granger asked James if she could help him with anything. James responded that he was looking for the "rent man." Mrs. Granger told James there was no such man at that address. James continued walking off the porch to his bike and began riding away. Mrs. Granger checked the front door and found it was ajar. She told her husband, and he pursued James in his truck, and called the police from his cell phone. Mr. Granger testified that he lost James more than once as he followed him, but quickly found him again each time. Finally, James dismounted from his bike and attempted to hide behind a tree. Bystanders pointed James out to Mr. Granger and helped Mr. Granger hold James until the police arrived soon thereafter.

James had a screwdriver in his pocket and admitted to being on Ms. Richards and Ms. Gilbert's porch, but claimed he was looking for the "rent man" and that he did not steal anything from the residence.[3] Both of the Grangers identified

---

1. Mr. Granger returned to the house in between errands.

2. Apparently, Mrs. Granger saw James first, three or four feet away from the front door, and Mr. Granger saw him a little further out on the porch. Both testified that the front screen door was closed when they saw James. Mr. Granger signed a statement on the night of the burglary that he saw James coming out of the door, but, at trial, he claimed that was incorrect.

3. Several items were missing from the home including thirteen rolls of quarters and some antique coins. The police recovered all of the stolen items, but the jury heard no testimony regarding where the police recovered the items because of a search and seizure violation.

James at trial as the man they saw on the porch. Additionally, a neighbor testified that James knocked on his door the same day. When the neighbor answered the door, James asked whether a camper parked in the neighbor's driveway was for sale.[4] After James left his house, the neighbor testified that he saw James enter the gate of Ms. Richards and Ms. Gilbert's home.

James was indicted for first-degree burglary in violation of South Carolina Code section 16–11–311, which provides:

(A) A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and either:

(1) when, in effecting entry or while in the dwelling or in immediate flight, he or another participant in the crime:

(a) is armed with a deadly weapon or explosive; or

(b) causes physical injury to a person who is not a participant in the crime; or

(c) uses or threatens the use of a dangerous instrument; or

(d) displays what is or appears to be a knife, pistol, revolver, rifle, shotgun, machine gun, or other firearm; or

**(2) the burglary is committed by a person with a prior record of *two or more* convictions for burglary or housebreaking or a combination of both.**

(3) the entering or remaining occurs in the nighttime.

(B) Burglary in the first degree is a felony punishable by life imprisonment. For purposes of this section, "life" means until death. The court in its discretion may sentence the defendant to a term of not less than fifteen years.

S.C.Code Ann. § 16–11–311 (Supp.2002) (emphasis added). The burglary in this case was committed during the day without a weapon. The State based James's indictment for first-degree burglary on James's prior convictions for burgla-

---

4. The camper was not advertised for sale.

ry. The State submitted certified copies of seven of James's prior convictions for burglary over James's objection.[5]

James was convicted of first-degree burglary and sentenced to imprisonment for life without the possibility of parole.[6] The Court of Appeals affirmed his conviction and sentence. *State v. James,* 346 S.C. 303, 551 S.E.2d 591 (Ct.App.2001). The Court of Appeals denied James's petitions for rehearing and rehearing *en banc.* This Court granted James's petition for certiorari to address the following issue:

> Did the Court of Appeals err in upholding the trial court's decision to allow evidence of *seven* prior burglary convictions pursuant to S.C.Code Ann. § 16–11–311(A)(2) when that statute only requires the State to establish two prior burglary convictions?

## LAW/ANALYSIS

■ James argues that the Court of Appeals erred in affirming the trial court's decision to allow evidence of *seven* of James's prior burglary convictions. We agree.

■ The admission of evidence is left to the discretion of the trial judge, and will not be disturbed on appeal absent an abuse of discretion by the trial judge. *Carlyle v. Tuomey Hosp.,* 305 S.C. 187, 407 S.E.2d 630 (1991).

This Court addressed the constitutionality of S.C.Code Ann. § 16–11–311(A)(2) in *State v. Benton,* 338 S.C. 151, 526 S.E.2d 228 (2000). In *Benton,* the defendant offered to stipulate that he had two prior burglary convictions in lieu of the State introducing evidence of the burglary convictions. *Id.* The State refused to accept the stipulation, and the trial judge declined to require the State to accept it based on the Court of Appeals' decision in *State v. Hamilton,* 327 S.C. 440, 486

---

5. The prior convictions admitted were for first-degree burglary, which was charged in each case based on James's prior convictions for burglary.

6. S.C.Code Ann. § 16–11–311(B) makes life without parole a sentencing option, but the State served notice that it also sought life imprisonment under S.C.Code Ann. § 17–25–45(A). The trial judge noted that the life sentence he imposed was appropriate under both section 16–11–311(B) and section 17–25–45(A) because burglary in the first-degree is a most serious offense.

S.E.2d 512 (Ct.App.1997) (upholding trial court's refusal to accept defendant's offer to stipulate to two prior convictions for purposes of section 16–11–311(A)(2) in lieu of prosecution's introduction of evidence of the two prior convictions).[7]  *Benton*, 338 S.C. at 154, 526 S.E.2d at 229.  The *Benton* Court agreed that the State could not be forced to accept the defendant's stipulation, and thereby affirmed *Hamilton* and upheld the validity of section 16–11–311(A)(2).  *Id.* at 155, 526 S.E.2d at 230.

In upholding section 16–11–311(A)(2), the *Benton* Court discussed the impact of *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).  In *Old Chief*, the defendant was charged with three crimes: (1) assault with a dangerous weapon, (2) using a firearm in relation to a crime of violence, and (3) violation of 18 U.S.C. § 922(g)(1) (possession of a firearm by anyone with a prior felony conviction).  *Id.* In *Old Chief*, the prosecution relied on the defendant's prior indictment for "assault causing serious bodily injury" to establish a violation of 18 U.S.C. § 922(g)(1), and introduced the order of judgment and commitment for the defendant's prior assault conviction.  *Id.* The Supreme Court found that, although *relevant* under Rule 402, FRE, the evidence of the name and nature of the crime was unnecessary to prove the gun charge, and was highly prejudicial to the defendant as it was similar to the current assault charges pending against the defendant.  *Id.* Weighing the probative value of the name and nature of the crime against its prejudicial impact, the Court held that introducing these details was unduly prejudicial under Rule 403, FRE.  *Id.* The Court found that the defendant's admission that he committed a qualifying crime to be sufficient for purposes of proving a violation of 18 U.S.C. § 922(g)(1) under these circumstances.[8]  *Id.*

In *Benton*, this Court applied Rule 403, SCRE, and concluded that the "probative value of admitting the defendant's prior

---

7.  *Benton* had not been decided at the time of James's trial, but *Hamilton* had been decided by the Court of Appeals and was the law of this state at the time of James's trial.

8.  Violation of 18 U.S.C. § 922(g)(1) is triggered by prior convictions for many different crimes.  S.C.Code Ann. § 16–11–311(A)(2) requires proof of prior convictions for only two specific crimes: burglary and housebreaking.

burglary and/or housebreaking convictions is not outweighed by its prejudicial effect." 338 S.C. at 156, 526 S.E.2d at 230. Through this statement we recognized the potential for improper conviction resulting from the introduction of a defendant's prior burglary convictions under section 16–11–311(A)(2). We even established steps for the trial judge to take to avoid such an improper conviction:

> [t]o ensure a defendant is not convicted on an improper basis while allowing the State to prove the elements of first-degree burglary, the trial court should limit the evidence to the prior burglary and/or housebreaking convictions as it did here. Particular information regarding the prior crimes should not be admitted. Additionally, the trial court, as it did here, should, on request, instruct the jury on the limited purpose for which the prior crime evidence can be considered.

*Id.* at 156, 526 S.E.2d at 231.

In *Benton*, the State offered evidence of *two* prior convictions, the minimum number required by section 16–11–311(A)(2) to establish first-degree burglary. Thus, our Court's statement that the probative value of the defendant's prior convictions is not outweighed by their prejudicial effect was specific to that factual scenario. We recognized the interplay of Rule 403 and section 16–11–311(A)(2) in *Benton*, and after conducting a Rule 403 analysis, found introduction of the two prior convictions to be more probative than prejudicial.

In this case, the trial court did not weigh the probative value of the seven prior convictions against their prejudicial impact. The trial judge expressed dislike for the structure of the statute generally, and gave appropriate limiting instructions to the jury, but he did not conduct a Rule 403 balancing analysis. The trial judge had reservations about the propriety of admitting seven convictions, but was compelled to follow existing precedent in the absence of any direction from this Court to the contrary. The following discussion took place regarding the number of convictions the State could admit:

> THE COURT: You can put certified copies of his prior record in.
>
> [THE STATE]: Okay

THE COURT: As to two prior burglaries, is that what you're relying on?

[THE STATE]: There's actually, I think, about a total of ten. And I was not going to submit the ones that are most serious offenses.

THE COURT: All you've got to do is put two in.

[THE STATE]: You want me to go with a minimum of two, then?

THE COURT: Pick any two you want, as long as they qualify.

[THE STATE]: Well, it says two or more, so I thought about admitting them all. If you prefer, I understand.

THE COURT: I think that is a little bit of a problem. I mean—

[THE STATE]: Okay. I realize—I'll submit two.

THE COURT: Well, let's see how you do. Two or more. Are you talking about burglaries, Mr. Seay?

[THE STATE]: Burglaries and housebreakings. He has both.

THE COURT: Well, I'm not going to—[Defense Counsel], have you a position about that? Obviously, you don't want it?

[DEFENSE]: I would object to more than two going in.

THE COURT: I'm going to let you put as many as you want in, because if it's a problem with two, it's a problem with ten.

[DEFENSE]: Then I'd like to know which ones he's putting in.

THE COURT: Show him which ones you're going to offer.

The Court of Appeals upheld the trial court's decision on the ground that section 16–11–311(A)(2) does not limit the number of prior convictions and specifically states that evidence of *"two or more"* convictions will satisfy the statute. *James,* 346 S.C. 303, 551 S.E.2d at 591. The Court of Appeals placed great weight on the *"two or more"* language in the statute, reasoning that "had the General Assembly intended to limit the use of prior convictions the State may use to two in order to prevent the possibility of undue prejudice to the defendant,

it could have easily done so." *Id.* at 309, 551 S.E.2d at 593. The Court of Appeals found that the trial judge had avoided prejudice in this case by "instructing the jury to limit its consideration of James' convictions to the particular purpose for which the convictions were offered." *Id.* at 309, 551 S.E.2d at 594 (citing *Benton; Hamilton*).

In a concurring opinion, Judge Shuler agreed with the majority's decision to affirm, but wrote separately to express his view that the admissibility of prior convictions under section 16–11–311(A)(2) should be examined in light of traditional rules of evidence. *Id.* at 310, 551 S.E.2d at 594. Judge Shuler noted, "*Hamilton* and *Benton* do not dispense with the requirement that all evidence be more probative than prejudicial. Instead, these cases merely hold that *two* prior convictions for burglary, where necessary to prove an essential element of the crime charged, are inherently more probative than prejudicial." *Id.* at 310–11, 551 S.E.2d at 595. (emphasis added).

We agree with Judge Shuler. *Hamilton* stands for the proposition that the State cannot be forced to accept a defendant's stipulation to prior convictions because that would interfere with the State's right to prove its case with "evidence of its own choosing." 327 S.C. at 445, 486 S.E.2d at 514 (citing *Old Chief*). *Benton* upheld the constitutionality of the statute as applied in *Hamilton* and *Benton*, and found that the probative value of the two prior convictions was not outweighed by prejudicial effect. Nothing in *Hamilton*, however, suggests that *any* number of prior convictions would be admissible in a first-degree burglary prosecution. Further, none of the relevant authorities nullify the trial judge's traditional role in weighing the probative value of evidence versus its prejudicial effect or suggest that Rule 403 is displaced by operation of section 16–11–311(A)(2).

In our opinion, the Court of Appeals' observation that the General Assembly could easily have limited the number of prior convictions the State may enter to two in order to prevent the possibility of undue prejudice if it had so intended, ignores the judiciary's traditional role in determining the admissibility of evidence. The admissibility of prior convictions is always limited by the traditional rules of evi-

dence. Accordingly, we find the probative value of James's seven convictions should have been weighed against their likely prejudicial effect under Rule 403. In balancing these interests, " '[t]he probative worth of any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point.' " *Old Chief,* 519 U.S. at 185, 117 S.Ct. at 652, 136 L.Ed.2d at 590 (quoting 22 C. Wright & K. Graham, Federal Practice & Procedure, § 5250, pp. 546–47 (1978)). Although the State is entitled to submit evidence of "its own choosing," it must do so within the confines of the established rules of evidence.

If the State had submitted evidence of two of James's prior burglary convictions, the jury would have had sufficient evidence to convict James of first-degree burglary without the prejudice accompanying admission of seven prior convictions. Under the rule of *Old Chief,* the probative value of the convictions entered beyond the two required by the statute decreases because of the already sufficient evidence submitted to prove that element. *Old Chief,* 519 U.S. at 185, 117 S.Ct. at 652, 136 L.Ed.2d at 590. Although there may be rare occasions where the admission of more than two prior burglary convictions is more probative than prejudicial and therefore proper, the potential for undue prejudice—for the impermissible interpretation of such evidence as propensity or character evidence—warrants great caution.

We believe the probative value of all seven prior convictions was outweighed by the very great potential for prejudice to James, and crossed the line established in *Old Chief,* regardless of the judge's limiting instructions to the contrary.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the Court of Appeals and **REMAND** for a new trial.

WALLER, BURNETT and PLEICONES, JJ., and Acting Justice JOHN W. KITTREDGE, concur.