Eric Wayne FERGUSON *v.* STATE of Arkansas

CA CR 03-1322

Court of Appeals of Arkansas
Substituted Opinion on Denial of Rehearing
February 23, 2005

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

LARRY D. VAUGHT, Judge. Eric Wayne Ferguson appeals from the judgment adjudicating him guilty of possession of firearms by certain persons and two counts of aggravated assault. He argues that the trial court abused its discretion by allowing the State to introduce the name and nature of his prior felony conviction, over his objection, after he offered to stipulate that he was among the class of persons prohibited from possessing a firearm. We agree and reverse.

On May 9, 2001, two employees of Rentwise, a furniture rental business, went to Ferguson's home with the purpose of repossessing certain items. According to the employees, they came face-to-face with Ferguson. The parties then exchanged unpleasantries. Included in their exchange was a threat uttered by Ferguson. The employees further testified that Ferguson opened the door of his home, with pistol in hand, cocked the pistol, and said "you em-effs better get off my porch right now."

According to their version of events, Ferguson began walking down the stairs of his house with the gun, and the Rentwise employees returned to their truck and called 911. When the police arrived, the Rentwise employees filed a complaint. One of the employees alleged that Ferguson had pointed a gun directly at him. Based on this information, Ferguson was arrested and charged with two counts of aggravated assault and possession of firearms by certain persons.

At his trial on these charges, Ferguson attempted to stipulate to his inclusion in the class of people prohibited from owning a firearm, based on an earlier conviction for aggravated assault. Relying on the Supreme Court's holding in *Old Chief v. United States*, 519 U.S. 172 (1997), a case with almost factually identical circumstances, he argued that the probative value of submitting the name and nature of his prior felony to prove that he was a member of a certain class of persons would be too prejudicial, particularly in light of the fact that he agreed to stipulate to his inclusion in this class of persons.

Ferguson claims that the prejudicial effect of his prior aggravated-assault conviction substantially outweighed its proba-

tive value in light of his offer to stipulate that he had a previous felony conviction. Ark. R. Evid. 403. The State argues that it was entitled to decline the stipulation and present its best case. In support of this assertion it relies on *Timmons v. State*, 81 Ark. App. 219, 100 S.W.3d 52 (2003) (holding that in order to prove prior conviction of a felony, the State may introduce docket sheet as evidence of appellant's prior conviction). Additionally, the State argues that Ferguson's offer to stipulate to the fact that he was a felon did not address whether or not his prior felony was violent and that the violent finding is an essential element of the offense. Finally, the State alleges that because *Old Chief* interprets federal law, it is therefore entitled to no deference by our court.

As a starting point, we discuss the essential elements of possession of a firearm by certain persons. In order to sustain a conviction, the State was required to prove that Ferguson had 1) possession or ownership of a firearm, and 2) a particular status (felon, mentally ill, involuntarily committed). Ark. Code Ann. § 5-73-103(a)(1) (1997).[1] Contrary to the State's assertion, the question of whether the prior felony was violent is not a fact question for the jury. Indeed, according to the Arkansas Model Jury Instructions - Criminal, whether a felony is a violent felony is a question of law. AMI Crim. 2d 7302. The "Note on Use" accompanying this instruction states that, if it is alleged that the prior felony was violent, the court should make the determination based on the definition of "violent felony" contained in Ark. Code Ann. § 5-73-101(3) (1997).

It logically follows that if the "violent" nature of the prior felony is a question of law, then it cannot be an essential element of the charge. In this case, the jury was not asked to make a legal determination. Instead, the question of the violent nature of the offense was presented to the judge, after the State had rested, for a legal determination — the precise procedure set out by the model instruction. Therefore, it is of no consequence that Fergu-

---

[1] The State relied on a revised 2001 version of the statute at trial despite the fact that Ferguson was correctly charged under the 1997 version, which was in effect at the time of the offense. Aside from semantics surrounding the classification of the offense, the two are not very different. The 2001 version states that "a prior violent felony conviction is sufficient to support the class B felony offense." The 1997 version states that "a person is guilty of a class B felony if he has been convicted of a felony unless the prior felony was for a nonviolent offense and the possession of the firearm did not involve the commission of another crime."

son's proposed stipulation did not include a legal conclusion as to the violent (or non-violent) nature of the felony conviction, because this is not an element of the charged offense.

■ Now we turn to the central question of the appeal, whether the trial court abused its discretion by refusing the stipulation. We use an abuse of discretion standard in reviewing a trial court's balancing of the probative value of prior-crime evidence against the danger of unfair prejudice. *Cook v. State*, 345 Ark. 264, 45 S.W.3d 820 (2001). The availability of other means of proof is a factor in deciding whether to exclude prejudicial evidence. *Id*. Evidence likely to provoke an emotional response rather than a rational decision is unfairly prejudicial. *Id*.

As argued by Ferguson, the situation here is similar to *Old Chief*, which also involved a prosecution for felon in possession of a firearm and for assault. In *Old Chief*, as here, the issue was the defendant's legal status as a felon. Further, in *Old Chief*, as here, there was no factual connection between the earlier crime and the charged offenses. Finally, in *Old Chief*, as in this case, the defendant offered to stipulate to a prior felony conviction.

■ At the outset of its opinion, the Supreme Court acknowledged the standard rule that "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *Old Chief*, 519 U.S. at 183. Likewise, a defendant's objection pursuant to Rule 403 of the Arkansas Rules of Evidence, which is identical to its federal counterpart in all pertinent respects, and his offer to concede a point generally cannot prevail over the State's choice to offer evidence showing guilt and all the circumstances surrounding the offense. *Combs v. State*, 270 Ark. 496, 500, 606 S.W.2d 61, 63 (1980).

■ ■ However, while it is generally true that the prosecution is entitled to prove its case by evidence of its own choice, and a criminal defendant may not stipulate his way out of the full evidentiary force of the case to be presented against him, the Supreme Court considered this general rule in the unique context of criminal elements that relate solely to a defendant's status. In *Old Chief*, the defendant was charged with violating a federal statute that prohibited the possession of a firearm by anyone with a prior felony conviction. Like Ferguson in this case, Old Chief offered to stipulate to the prior-conviction element. Old Chief argued that his offer to stipulate rendered evidence of the name and nature of

his prior offense — assault with intent to cause serious bodily injury — inadmissible because the probative value of such evidence was substantially outweighed by the danger of unfair prejudice. The trial court admitted the judgment record for the prior conviction into evidence, and Old Chief was convicted of the charged offense. The United States Supreme Court stated:

> Given [the] peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Old Chief,* 519 U.S. at 191. The Court recognized "that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story." *Id.* at 190. However, the Court further acknowledged that this maxim "has virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* The Court thereby limited its *Old Chief* holding to cases involving proof of felon status and concluded that the trial court abused its discretion by allowing evidence of the prior assault conviction because it was unduly prejudicial, especially in light of the proffered stipulation. *Id.*

■ Similarly, here, Ferguson's proffered stipulation, which like Old Chief's was taken from the wording of the statute, would have proved conclusively that he was a felon.[2] Thus, the probative value of the conviction, as compared to the stipulation, was negligible. The unfair prejudice was significant — there was a

---

[2] Precisely, Ferguson's counsel stated, "I am requesting that we will stipulate to the fact that my client is a convicted felon, that he is in a class of individuals that cannot carry a weapon." (R. 151; A. 20)

significant risk that the jury would declare guilt on the two assault charges based upon an emotional response to the prior assault charge rather than make a rational decision based upon the evidence. *Id.* Further, as *Old Chief* warns, when a prior conviction is for a gun crime or one similar to other charges in a pending case the "risk of unfair prejudice" is "especially obvious." *Id.* at 186.

■ We are persuaded that the Supreme Court's interpretation of Rule 403 is also a proper reading of our Rule 403. One objective in Arkansas's adoption of the rules of evidence was the development of a uniform body of law governing trials in both state and federal courts. In the absence of unique Arkansas policy, constitutional or statutory considerations, courts in this state should normally construe Arkansas evidence rules consistently with the prevailing body of decisions from other jurisdictions interpreting the same rule. *See Rhodes v. State*, 276 Ark. 203, 210, 634 S.W.2d 107, 111 (1982). Our supreme court recognized the importance of uniformity in *Proctor v. State*, 349 Ark. 648, 666, 79 S.W.3d 370, 381 (2002), noting that its holding was consistent with federal case law. "When interpreting our rules of evidence, 'we desire to maintain an interpretation of the Uniform Rules that is reasonably consistent with other states as well as with the Federal Rules of Evidence.'" *Id.*, 79 S.W.3d at 381 (quoting *Rhodes*, 276 Ark. at 210, 634 S.W.2d at 111).

*Old Chief* has been followed by the overwhelming majority of courts and every state court of last resort to have considered the matter. *See People v. Walker*, 812 N.E. 2d 339 (Ill. 2004); *Brown v. State*, 719 So.2d 882 (Fla.1998); *State v. Lee*, 266 Kan 804, 977 P.2d 263 (1999); *Carter v. State*, 374 Md. 693, 824 A.2d 123 (2003); *State v. James*, 355 S.C. 25, 583 S.E.2d 745 (2003); *State v. James*, 81 S.W.3d 751, 762 (Tenn. 2002). The only courts that have declined to follow *Old Chief* distinguished its holding based on variations in the applicable state statutory law. *See State v. Ball*, 756 So. 2d 275, 278 (La. 1999) (state statute required proof of a particular felony); *State v. Jackson*, 139 N.C. App. 721, 535 S.E.2d 48 (2000) (state statute specifically allowed prior felony to be proven by record of conviction); *State v. Jackson*, No. 02AP-468, 2003 WL 1701188 (Ohio App., March 31, 2003) (to prove the offense of "possession of a weapon under disability," the prosecutor had to prove prior drug conviction). The Alabama Supreme Court considered the issue, but declined to rule under distinguishable facts. *See Ex parte Peraita*, 897 So.2d 1227 (2004) ("Whether we should or must one

day hail *Old Chief* as the law on the balancing test of Rule 403, that day is not here, because this case is distinguishable.").

Also, numerous federal courts, prior to the Supreme Court's decision in *Old Chief,* required trial judges to accept offers to stipulate the previous–conviction element of a felon–in–possession charge. *See, e.g., United States v. Wacker,* 72 F.3d 1453, 1472–73 (10th Cir. 1995) ("Today we hold that where a defendant offers to stipulate as to the existence of a prior felony conviction, the trial judge should permit that stipulation to go to the jury as proof of the status element of [the federal firearm possession statute], or provide an alternative procedure whereby the jury is advised of the fact of the former felony."); *United States v. Jones,* 67 F.3d 320, 324–25 (D.C. Cir. 1995) (holding that the trial judge abused its discretion in denying a motion to exclude evidence of the nature of the defendant's prior conviction and, further, noting that the trial judge erred in informing the jury of the nature of the defendant's prior conviction); *United States v. Tavares,* 21 F.3d 1, 5 (1st Cir. 1994) (en banc) (stating that it "cannot now conceive of circumstances in which the probativeness of the facts surrounding a prior conviction would outweigh the prejudice to the defendant from admission of those details"); *United States v. Poore,* 594 F.2d 39, 43 (4th Cir. 1979) ("As long as appellant stipulates to the prior felony conviction, the district court should strike the language descriptive of the nature of that felony conviction from . . . the indictment.").

█ Therefore, we conclude that because there is no Arkansas case law addressing the impact of the *Old Chief* holding on our state's Rule 403, and the *Old Chief* case currently leads the "prevailing body of decisions from other jurisdictions interpreting the same rule," there is no reason to reject the Supreme Court's interpretation of an evidentiary rule that mirrors our own. Indeed, we are satisfied that the Court's interpretation is a rational exception to the general rule when proof of status is at issue, just as the general rule will usually survive a Rule 403 challenge when a defendant seeks to force the substitution of an admission for evidence.

█ █ Although we are convinced that Ferguson has proven error, merely proving a violation of Ark. R. Evid. 403 is an inadequate ground for reversal. Indeed, if the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm. *Barr v. State,* 336 Ark. 220, 984 S.W.2d

792 (1999). Although, the Court in *Old Chief* refused to specifically engage in a harmless error analysis, it did state that

> there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case, for the reasons already given, but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning. Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious. . . .

*Old Chief*, 519 U.S. at 185. Here, considering the fact that Ferguson's prior conviction was for aggravated assault — the same crime for which appellant was standing trial in this case — the prejudice is especially obvious. Therefore, we cannot say that the introduction of the name and nature of his prior offense was harmless in the context of this case.

Finally, the State suggests that any prejudice suffered by Ferguson was invited error as a result of his decision not to sever his trial. Under the doctrine of invited error, one who is responsible for error cannot be heard to complain of that for which he was responsible. *McGee v. State*, 330 Ark. 38, 41, 954 S.W.2d 206, 208 (1997). However, Ferguson does not argue that he was prejudiced because his felony-firearm charge and a second felony charge were not severed. Indeed, such a complaint would be barred under the invited-error doctrine because he requested and was granted a severance, but ultimately did not exercise the option. Instead, the error of which Ferguson complains involves the prejudice he endured due to a violation of Rule 403. Ferguson did not invite this error. To the contrary, he did all in his power to alert the court of this error, and included an accurate summary of the prevailing case law governing the matter.

Ferguson cannot be said to have invited error for failing to alter his trial strategy based on an erroneous evidentiary ruling. The very purpose underlying the logic of *Old Chief* is to prohibit the prejudicial nature of evidence describing the name and nature of a previous crime when a defendant is charged with a gun-related crime that is joined with a felon-in-possession charge — where a defendant has elected not to sever the charges, for

whatever reason. However, as a collateral matter, severance is implicated by the *Old Chief* holding. Under this prevailing interpretation of Rule 403, severance will no longer be presumptively necessary to prevent prejudice under these facts, which serves the ancillary benefit of judicial economy.

Therefore, for the reasons stated above, the judgment and convictions are reversed, and the case is remanded.

Reversed and remanded.

GLADWIN, BIRD, ROBBINS, GRIFFEN, and NEAL, JJ., agree.