THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Stanley B.
 Bennett,        Appellant.
 
 
 

Appeal From Orangeburg County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No.
2005-UP-416
Submitted May 1, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender
 Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia,
 for Appellant.
 Attorney General Henry
 Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney
 General David A. Spencer, Office of the Attorney General, all of
 Columbia, and Robert Douglas Robbins, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Stanley
Bennett appeals from his convictions for driving under suspension (DUS), 4th,
and habitual traffic offender, arguing the trial judge erred by allowing the
admission of his entire driving record into evidence.  We affirm.[1] 
FACTS
On August 31, 2002, Bennett
overturned his sports utility vehicle in a one-car accident on I-26.  When
the police officer arrived at the scene of the accident, Bennett was already
outside of the vehicle and talking to an off-duty emergency services technician
who stopped to help.  The officer testified that Bennett told him he was
the driver of the vehicle, and he was alone in the vehicle at the time of the
accident.  However, Bennett testified he was not driving the vehicle and
prior to the officers arrival the driver had left the scene of the accident
to get help.  When the officer asked Bennett for his license, Bennett told
the officer it was inside the overturned vehicle.  After obtaining Bennetts
name and calling the dispatch, the officer discovered that Bennetts license
was suspended and the Department of Public Safety (the Department) had
declared him a habitual offender.
During a jury trial on March 20,
2003, Bennett stipulated to jurisdiction in circuit court and objected to the
admission of his prior three convictions for DUS.  However, the trial judge
ruled they were admissible to prove the habitual offender charge, and therefore,
there was no prejudice to Bennett.  The trial judge also noted that the
State did not have to accept Bennetts offer to stipulate to the existence of
prior offenses when the existence of the prior offenses was necessary to
establish jurisdiction of the circuit court.  Bennett objected to the
admission of his entire driving record unless it showed only Bennetts three
prior convictions for DUS that were necessary to establish jurisdiction, arguing
the entire record was unduly prejudicial and not relevant.  The trial judge
ruled that the statute permits the entire record to be entered into
evidence.  Thus, at trial, the State introduced letters from the Department
stating that Bennett was under suspension for DUS and for being a habitual
offender.  The State also introduced a certified copy of Bennetts
driving record, which listed numerous violations of traffic laws including
convictions for driving under the influence, convictions for DUS, and
suspensions for failing to take a breathalyzer.  Bennett was found guilty
as charged.  He was sentenced to six months in prison for DUS and five
years, suspended to three, and three years probation for driving after being
declared a habitual offender.  Bennett
appeals.         
STANDARD OF REVIEW
In criminal cases, the appellate
court reviews errors of law only.  State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829
(2001).  The admission of evidence is left to the discretion of the
trial judge, and will not be disturbed on appeal absent an abuse of discretion
by the trial judge.  State v. James, 355 S.C. 25, 30, 583 S.E.2d
745, 747 (2003).
LAW/ANALYSIS
Bennett argues the trial judge erred
by allowing the admission of his entire driving record into evidence during his
trial for DUS and driving after the Department had declared him a habitual
offender.  We disagree.
To prove that Bennett was driving
under suspension, the State had to prove that Bennett was operating a motor
vehicle on the public highway while his license was suspended.  State v.
Johnson, 299 S.C. 130, 132, 382 S.E.2d 909, 910 (1989).  To establish
jurisdiction in the trial court, the State was required to prove that Bennett
had two or more prior suspensions.  State v. Anderson, 318 S.C. 395, 398-399, 458 S.E.2d 56, 58 (Ct. App.
1995).  Bennett stipulated to jurisdiction in circuit court; however, the
State refused to accept the stipulation.  In State v. James, our
supreme court held that the State cannot be forced to accept a defendants
stipulation to prior convictions because that would interfere with the States
right to prove its case with evidence of its own choosing.  355
S.C. 25, 34, 583 S.E.2d 745, 749 (2003) (quoting State v. Hamilton, 327
S.C. 440, 445, 486 S.E.2d 512, 514 (1997)). 
Bennett asserts the State was
required to accept his offer to stipulate under Section 56-5-2980 of the South
Carolina Code (Supp. 2004), which provides that [i]f the defendant stipulates
that the charge constitutes a second or subsequent offense, the indictment shall
not contain allegations of prior offenses and evidence of such prior offenses
must not be introduced.  However, section 56-5-2980 does not apply to
the crimes of DUS or habitual offender.  Section 56-5-2980 states that it
only applies to trials and proceedings in which the defendant is charged with
a violation of Section 56-5-2920 [reckless driving], 56-5-2930 [operating a
vehicle under the influence], or 56-5-2933 [driving with an unlawful alcohol
concentration].  See Anderson, 318 S.C. at 399 n.2, 458
S.E.2d at 58 n.2 (The plain meaning of the statute [§ 56-5-2980], which has
no application to a charge of DUS, suggests that the solicitor must assent
before a stipulation is effective.).  Since the State refused to accept
the stipulation and was not required to by the statute, the State had to prove
that the trial court had subject matter jurisdiction of the DUS charge.  Anderson,
318 S.C. at 398-399, 458 S.E.2d at 58.  Therefore, [a]bsent a
stipulation as to subject matter jurisdiction, [Bennett] had no real right to
object to the admission into evidence of his prior DUS . . . conviction[].  Id.
at 399, 458 S.E.2d at 58.  Further, the trial judge instructed the jury
that Bennetts prior record was introduced solely for the purpose of
showing jurisdiction in [trial] court.  Thus, the trial court did not
abuse its discretion in admitting a certified copy of Bennetts driving record
and letters from the Department stating that Bennett was under suspension for
DUS and for being a habitual offender.  Additionally, Bennett was not
prejudiced by the admission into evidence of prior convictions because the trial
court gave a sufficient limiting instruction to the jury.   
The Department has the authority to
declare a person a habitual offender by following the procedures outlined in
section 56-1-1030 of the South Carolina Code (Supp. 2004).  Pursuant to
this statute, the Department had adjudicated Bennett to be a habitual
offender.  To prove that Bennett was driving after having been declared a
habitual offender, the State was required to show that Bennett had been found to
be a habitual offender and was operating a motor vehicle while the decision of
the Department prohibiting operation was in effect.  S.C. Code Ann. §
56-1-1100 (Supp. 2004).
Bennett argues that the judge should
not have allowed the State to introduce his whole driving record into evidence;
however, the trial judge had already properly admitted his prior convictions for
DUS to establish jurisdiction of the court.  Although Bennetts prior
record of driving under the influence and violation of the implied consent law
may have been inadmissible, we find that the evidence was not unduly prejudicial
to Bennett based on the entire record in the case and the judges limiting
instruction to the jury.  Additionally, we hold the admission of the
evidence was harmless error in light of the overwhelming evidence against
Bennett.  See State v. McLeod, 362 S.C. 73,
82, 606 S.E.2d 215, 220 (Ct. App. 2004) (holding error is harmless where it
could not reasonably have affected the result of the trial).
AFFIRMED.
HEARN, C.J., BEATTY, and SHORT,
JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.