590 S.E.2d 34

The STATE, Respondent,

v.

Curly KEENON, Petitioner.

No. 25760.

Supreme Court of South Carolina.

Submitted Nov. 21, 2003.
Decided Dec. 8, 2003.

Assistant Appellate Defender Robert M. Pachak, of the South Carolina Office of Appellate Defense, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson and Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for respondent.

PER CURIAM:

We grant certiorari in this matter to review the Court of Appeals' decision in *State v. Keenon,* Op. No.2002–UP–749 (S.C. Ct.App. filed November 27, 2002). We dispense with further briefing and affirm as modified.

Petitioner was convicted of first degree burglary, petit larceny, and possession of a stolen vehicle. Petitioner was charged with first degree burglary under S.C.Code Ann. § 16–11–311(A)(2)(2003), which provides that a person is guilty of first degree burglary if he enters a dwelling without consent and with intent to commit a crime therein and the person has a prior record of two or more convictions for burglary or housebreaking or both. At trial, the State sought to introduce evidence of petitioner's five prior convictions for burglary and one prior conviction for housebreaking. The State, in arguing against petitioner's motion to limit introduction of evidence of

the prior convictions, relied on the Court of Appeals' opinion in *State v. James,* 346 S.C. 303, 551 S.E.2d 591 (Ct.App.2001), wherein the Court of Appeals held that the introduction of the defendant's seven prior convictions for burglary were relevant and were not unduly prejudicial. The trial judge denied petitioner's motion and allowed introduction of evidence of petitioner's six prior convictions.

On appeal, the Court of Appeals, also relying on *State v. James, supra,* found the trial judge did not abuse his discretion in admitting evidence of petitioner's six prior convictions. At that time, this Court had granted certiorari to review the Court of Appeals' decision in *State v. James.*

Thereafter, this Court issued an opinion reversing the Court of Appeals' decision in *State v. James. State v. James,* 355 S.C. 25, 583 S.E.2d 745 (2003). Therein, we determined that the probative value of 'multiple prior convictions must be weighed against their prejudicial effect under Rule 403, SCRE. We found further that "[a]lthough there may be rare occasions where the admission of more than two prior burglary convictions is more probative than prejudicial and therefore proper, the potential for undue prejudice—for the impermissible interpretation of such evidence as propensity or character evidence—warrants great caution."

In the case at hand, it was clearly error, in light of this Court's opinion in *State v. James,* for the trial judge to allow the State to present evidence of all six of petitioner's prior convictions without first weighing the prejudicial effect against the probative value. However, because of the overwhelming evidence of petitioner's guilt, we find the admission of more than two prior convictions was harmless error. *See State v. Brooks,* 341 S.C. 57, 533 S.E.2d 325 (2000)(even where probative value of prior bad act evidence is substantially outweighed by its prejudicial effect, admission of evidence may be deemed harmless). The Court of Appeals' opinion is therefore

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.