THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Craig L. Atchison,       
Appellant.
 
 
 

Appeal From Newberry County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-325
Submitted May 2, 2004  Filed May 14, 
 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Robert M. Pachak, of S.C. Office 
 of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, and Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor William Townes Jones, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Appellant, 
 Craig L. Atchison, was charged with and convicted of first-degree burglary, 
 larceny, and possession of a weapon during the commission of a violent crime.  
 On appeal, Atchison asserts reversible error in the admission of evidence of 
 more than two previous burglary convictions to prove an element of first degree 
 burglary, as well as the failure of the trial judge to redact prior indictments 
 which were admitted to show the previous burglary convictions and included crimes 
 other than the burglaries.  We affirm pursuant to Rule 220(b)(2), SCACR and 
 the following authorities:  State v. Keenon, 356 S.C. 457, 459, 590 S.E.2d 
 34, 36 (2003) (although the trial court committed clear error in admitting evidence 
 of all six of defandants prior burglary/housebreaking convictions without first 
 weighing the prejudicial effect against the probative value, given the overwhelming 
 evidence of defandants guilt the admission of more than two prior convictions 
 was harmless error); State v. Kilgore, 325 S.C. 188, 192, 480 S.E.2d 
 736, 738 (1997) (where evidence of guilt was overwhelming without any reference 
 to defendants guilty plea to misprision of a felony, any error in admission 
 of guilty plea was harmless); State v. Parker, 315 S.C. 230, 235, 433 
 S.E.2d 831, 833 (1993) (the erroneous admission of prior bad acts evidence is 
 not reversible error where the evidence of guilt is overwhelming without any 
 reference to the evidence of the prior bad act); State v. Mitchell, 286 
 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (error is harmless when it could not 
 reasonably have affected the result of the trial).
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, 
 JJ., concur.