**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190270-U

Order filed March 22, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0270 Circuit No. 14-CF-760 |
| | ) | |
| JOHN EDWARD ALLEN JR., | ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

**ORDER**

¶ 1  *Held*: (1) The circuit court's preliminary *Krankel* inquiry on remand from this court was inadequate; and (2) the circuit court violated defendant's right to due process by preventing private counsel from assisting defendant during the inquiry.

¶ 2  Defendant, John Edward Allen Jr., appeals from the Peoria County circuit court's order denying his request for a full *Krankel* hearing relating to his claims of ineffective assistance of trial counsel. Defendant contends that the court's order was preceded by an inadequate preliminary

inquiry, and that the court further erred by preventing private counsel from assisting defendant during that inquiry. We vacate the circuit court's judgment and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Following a jury trial, defendant was convicted of two counts of aggravated battery (720 ILCS 5/12-3.05(d)(4) (West 2014)) and sentenced to concurrent terms of 22 years' imprisonment. On direct appeal, this court confirmed defendant's convictions and sentences, but remanded the matter with instructions that the circuit court conduct a preliminary inquiry into defendant's posttrial claims of ineffective assistance of counsel. *People v. Allen*, 2018 IL App (3d) 150680-U, ¶ 54.

¶ 5        On remand, defendant retained private counsel to represent him. Private counsel filed an appearance on June 4, 2018, and informed the court that he would need to examine the record and interview trial counsel in order to address defendant's ineffectiveness claims. In setting a future court date, the State asked whether it should subpoena trial counsel. The court responded: "No. We'll do this as a pre-*Krankel*, and then I'll decide, and then if it looks like it's going to go to a *Krankel* hearing, then we can bring [trial counsel] back again if I were to go that way." Later, of the preliminary inquiry, the court stated: "[Trial counsel] doesn't have to be here for that because there's no testimony that's required." On August 27, 2018, private counsel filed a "Pre-*Krankel* Commentary" in which he identified three distinct instances of trial counsel's ineffectiveness.

¶ 6        Defendant appeared in court, with private counsel, on January 16, 2019. After summarizing the *Krankel* procedure, the court invited defendant to state his claims of trial counsel's ineffectiveness. The following colloquy ensued:

2

"[DEFENDANT]: Sir, I hired [private counsel] to state my claims. That's what he was hired for. I know how lengthy I can be with saying certain things. I know how you are about timing.

THE COURT: You're here. I'm here. It's your turn. Go.

[DEFENDANT]: It's my lawyer's turn, but if I have to do it myself, then I'll do that.

THE COURT: Do it.

[DEFENDANT]: During my trial, I tried to take the six-year plea bargain before my trial started. You were in your chambers. [Trial counsel] was supposed to—when you came back out because he said—there's someone here to witness that, right here in the courtroom—[trial counsel] was supposed to allow you to know that I tried to take that plea bargain that was supposed to be off the table.

They put it back on the table, and it went from six years to eight. Instead, they took me to trial instead. And going back to my trial, [Y]our Honor, a lot of things that went on in my trial, I was only really trying to get your attention or really trying to let you know what was going on, what should have been going on, and what wasn't going on.

THE COURT: So far you've said nothing. Package it up. Get going.

[DEFENDANT]: Here we go again. I'm trying to let you know. How can I let you know if you—

THE COURT: You keep saying words, but you're not saying anything.

[DEFENDANT]: These words are important. I tried to take a plea bargain that he denied me of.

3

THE COURT: Okay. You didn't get your plea bargain.

[DEFENDANT]: There was a mistrial that you yourself ordered yourself [*sic*]. I got it right out here in paper.

THE COURT: Are you done, [defendant]? Because I'm done with you.

[DEFENDANT]: You asking me to do something, and I'm trying to do it.

THE COURT: You're not putting nouns and verbs together to make any sense."

¶ 7 Defendant then began to discuss issues relating to private counsel's performance. The court, in turn, instructed defendant to limit his remarks to trial counsel's performance. The colloquy continued:

"THE COURT: *** I'm going to ask you this one more time. Do you have something of substance to say that you [*sic*] articulates your claims of ineffective assistance regarding [trial counsel]?

[DEFENDANT]: I have a whole lot of claims.

THE COURT: Then name them.

[DEFENDANT]: I'm not a professional attorney. I cannot speak for myself, so that's why I hired [private counsel].

THE COURT: It's you and me. Tell me now or forget it.

[DEFENDANT]: Okay. I'd like to appeal it, and I'm done with it."

The court then had defendant removed from the courtroom.

¶ 8 The court recounted the events of defendant's trial, commenting that trial counsel "performed a commendable job." The court concluded: "So his pre-*Krankel* inquiry has been made. It's been denied."

4

¶ 9                                    II. ANALYSIS

¶ 10       On appeal, defendant contends that the circuit court's preliminary *Krankel* inquiry was inadequate. He also argues that the court erred by preventing his private attorney from assisting him during the preliminary inquiry.

¶ 11                               A. Preliminary Inquiry

¶ 12       Where a defendant raises posttrial claims of ineffective assistance of counsel, it is not "automatically required" that new counsel be appointed to pursue those claims. *People v. Moore*, 207 Ill. 2d 68, 77 (2003). Rather, the circuit court should examine the factual basis for the defendant's claims, appointing new counsel to represent defendant at a full hearing only where the preliminary inquiry shows possible neglect of the case on the part of trial counsel. *Id.* at 77-78. This initial step is known as a "preliminary *Krankel* hearing" or "preliminary *Krankel* inquiry." *People v. Jolly*, 2014 IL 117142, ¶¶ 26-27.

¶ 13       The operative concern of a reviewing court is whether the circuit court conducted an adequate preliminary inquiry. *Moore*, 207 Ill. 2d at 78. Our supreme court has described the preliminary inquiry as follows:

> "During this evaluation, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim. Trial counsel may simply answer questions and explain the facts and circumstances surrounding the defendant's allegations. [Citations.] A brief discussion between the trial court and the defendant may be sufficient. [Citations.] Also, the trial court can base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense

counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 78-79.

¶ 14    In the present case, trial counsel was not present during the preliminary inquiry, and the circuit court was thus unable to have any interchange with him. To be sure, *Moore* makes clear that an exchange between the court and trial counsel is only "usually necessary," as opposed to mandatory. Yet the circuit court in this case explicitly found that trial counsel's presence was unnecessary at the preliminary inquiry stage, without having yet heard any of defendant's claims. The court's decision that trial counsel's presence would only be required at a full hearing is at odds with our supreme court's explanation of the preliminary inquiry procedure as set forth in *Moore*.

¶ 15    Indeed, the record makes clear that trial counsel's presence at defendant's preliminary *Krankel* hearing would have aided the court in determining the factual basis of defendant's claims. Prior to being cut off by the court, defendant articulated one claim of ineffectiveness of trial counsel, namely, that trial counsel prevented him from accepting a plea bargain offered by the State. Trial counsel's explanation of events would have been especially helpful in determining whether there had been possible neglect of the case. Not only was the court unable to ask trial counsel about defendant's claim, it did not even ask defendant to expound on the claim himself.

¶ 16    Moreover, defendant's claim apparently related to pretrial dealings between himself, trial counsel, and the State. While the court commended counsel's performance at trial, it is not clear that the court would have had any knowledge of the plea negotiations, such that it could dismiss defendant's claims based on that knowledge. If the circuit court *did* have prior knowledge of those negotiations, and thus knowledge of counsel's performance therein, it failed to explain them when denying defendant's claim.

6

¶ 17          In sum, we find that the circuit court's preliminary *Krankel* inquiry fell short of the standard announced in *Moore*. We therefore vacate the court's judgment denying a full *Krankel* hearing and remand the matter so that the court may conduct an adequate preliminary inquiry into defendant's claims.

¶ 18                                             B. Due Process

¶ 19          Because remand is necessary so that the court may conduct an adequate preliminary inquiry, it is not strictly necessary that we consider defendant's remaining claim. However, due to the potential that the same issue may arise on remand, we elect to address the issue. See *People v. Walker*, 211 Ill. 2d 317, 343 (2004).

¶ 20          As discussed above, the very purpose of the preliminary *Krankel* inquiry is to determine whether a defendant's claims of ineffective assistance merit the appointment of new counsel. *Moore*, 207 Ill. 2d at 77-78. The parties thus agree that defendant was not entitled to court-appointed counsel at the preliminary inquiry stage. Because the right to court-appointed counsel under the sixth amendment was inapplicable to defendant at this stage, it follows that there had been no violation of that right. See U.S. Const., amend. VI.

¶ 21          Of course, defendant in this case was not seeking the appointment of counsel. Rather, he had hired his own private attorney. In *Powell v. Alabama*, 287 U.S. 45, 68 (1932), the United States Supreme Court explained that an individual's due process rights at a hearing "has always included the right to the aid of counsel when desired and provided by the party asserting the right." The Court continued:

>           "If in any case, civil or criminal, a state or federal court were arbitrarily to refuse
>           to hear a party by counsel, employed by and appearing for him, it reasonably may

not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." *Id.* at 69.

¶ 22 Recently, our supreme court observed that *Powell* stands for the proposition that principles of due process provide a right for individuals to obtain privately retained counsel of their choice, even where there is no constitutional right to counsel. *People v. Gawlak*, 2019 IL 123182, ¶ 31. Noting that the right under *Powell* was not absolute, the *Gawlak* court held that "a due process violation occurs only when a state or federal court arbitrarily refuses to hear from privately retained counsel in a criminal or civil case." *Id.* ¶ 33. In *Gawlak*, for instance, the supreme court found that the lower court acted nonarbitrarily in denying counsel who had failed to comply with the relevant rule in filing his appearance. *Id.* ¶ 39.

¶ 23 In the present case, the circuit court provided no reason for denying private counsel the opportunity to advocate for defendant, nor is any reason apparent from the record. On the contrary, the record demonstrates that private counsel could have been especially helpful—to both defendant and the court—at the preliminary inquiry. The court repeatedly chastised defendant for struggling to articulate his claims. Yet, when defendant asked that private counsel set out those claims on his behalf, as defendant had hired him to do, the court simply responded: "It's you and me. Tell me now or forget it." We find that the circuit court's decision to not allow private counsel to participate in the preliminary *Krankel* inquiry was wholly arbitrary and, accordingly, a violation of defendant's right to due process. See *id.* ¶ 33.

¶ 24 In summary, the circuit court conducted an inadequate preliminary *Krankel* inquiry and denied defendant's due process by declining to hear from his attorney. These errors necessitate that we remand the case, once again, for a preliminary *Krankel* inquiry.

¶ 25 III. CONCLUSION

8

¶ 26    The judgment of the circuit court of Peoria County is vacated and the matter is remanded with directions.

¶ 27    Judgment vacated and remanded with directions.