2025 IL App (1st) 230822-U

No. 1-23-0822

Order filed August 22, 2025

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 14357 |
| | ) | |
| ISAIAH CHRISTMAS, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We reverse defendant's conviction for armed habitual criminal and remand for a new trial where the trial court's error in failing to instruct the jury that knowledge is an element of the offense was not harmless.

¶ 2    Following a jury trial, defendant Isaiah Christmas was convicted of armed habitual criminal (AHC) and sentenced to eight years' imprisonment. On appeal, he argues that the trial court erred in refusing to instruct the jury that to find him guilty, it had to find that he knowingly possessed a

firearm. He also argues that the evidence was insufficient to prove beyond a reasonable doubt that he knowingly possessed the firearm. We reverse and remand for a new trial.

¶ 3                                    BACKGROUND

¶ 4     The State charged Christmas by indictment with AHC and other offenses. The State proceeded only on the AHC charge, alleging that Christmas "knowingly possessed a firearm" after having been convicted of two qualifying felonies. See 720 ILCS 5/24-1.7(a) (West 2020). Defense counsel argued Christmas was not guilty of AHC because the firearm recovered from his vehicle was left by another individual and he did not knowingly possess it.

¶ 5     The crux of Christmas's appeal surrounds the AHC jury instruction given to the jury. At the time of trial, Illinois Pattern Jury Instruction, Criminal No. 18.08B (approved Oct. 27, 2023) (hereinafter IPI Criminal No. 18.08B) stated that, to sustain the charge of AHC, the State must prove that a defendant possessed a firearm and was previously convicted of two qualifying offenses.[1] Defense counsel objected that this jury instruction omitted the word "knowingly," whereas the indictment used the word "knowingly" and "the law requires a mental state to prove" AHC. The State responded that the AHC statute "does not require that the possession be knowingly" and to include it in the instruction "would be an additional element that's not per the statute."

¶ 6     Over Christmas's objection, the court gave the jury IPI Criminal No. 18.08B. Defense counsel then proffered a non-pattern instruction, which inserted the words "knowingly possessed." The court denied defense counsel's proffered instruction.

---

[1] IPI Criminal No. 18.08B has since been amended and now states that the State must prove that a defendant "knowingly" possessed a firearm. Illinois Pattern Jury Instruction, Criminal No. 18.08B (approved July 26, 2024).

¶ 7 At closing arguments, defense counsel told the jury it could not sign a guilty verdict unless it found beyond a reasonable doubt that Christmas "had knowledge" of the presence of the firearm. The State objected and the court admonished the jury that arguments by counsel were not the law, and that the jury would receive the law in the jury instructions given by the court. Counsel twice more repeated that the jury had to find that Christmas had knowledge of the firearm to find him guilty. The State again objected, and the court provided the same admonishment.

¶ 8 After arguments, the court gave the jury IPI Criminal No. 18.08B, which, at the time, defined AHC without the word "knowingly." During jury deliberations, the jury sent a note asking whether the firearm was registered. The court told the jury that it had heard all the evidence and directed the jury to look at the instructions on the law it had received. The jury found Christmas guilty of AHC.

¶ 9 Christmas filed a motion for a new trial, arguing, in relevant part, that the court erred in denying his proposed AHC instruction. The court denied the motion and sentenced Christmas to eight years' imprisonment. Christmas appeals.

¶ 10 ANALYSIS

¶ 11 In his opening brief, filed on January 30, 2024, Christmas argued that his AHC conviction should be reversed because the State failed to prove beyond a reasonable doubt that he knowingly possessed the firearm recovered from the vehicle where he was found unconscious. A year later, Christmas filed a motion to file a supplemental brief based on this court's June 28, 2024, opinion in *People v. Hampton*, 2024 IL App (1st) 230171, ¶¶ 32-35, 42-47, where we granted a new trial because the AHC jury instruction omitted the word "knowingly" and, therefore, failed to apprise the jury of the State's burden to establish Christmas's knowing mental state. We allowed the

motion and ordered the State to file a supplemental response brief, wherein it argues the jury was properly instructed and any error was harmless because it did not contribute to the verdict. We disagree and, therefore, reverse and remand for a new trial.

¶ 12     The purpose of jury instructions is to assist jurors to properly apply the law to the evidence and reach a correct verdict. *Id.* ¶ 28. Whether a jury instruction accurately stated the law is a question of law that we review *de novo*. *People v. Hartfield*, 2022 IL 126729, ¶ 51. Illinois Supreme Court Rule 451(a) (eff. Apr. 8, 2013) provides that Illinois Pattern Jury Instructions "shall be used" when applicable, unless the court determines an instruction does not accurately state the law. *People v. Falco*, 2014 IL App (1st) 111797, ¶ 15 *overruled on other grounds by People v. Ramirez*, 2023 IL 128123.

¶ 13     Consistent with *Hampton*, we find the version of IPI Criminal No. 18.08B given to Christmas's jury did not accurately state the law. See Illinois Pattern Jury Instruction, Criminal No. 18.08B (approved Oct. 27, 2023). After *Hampton*, the IPI was changed to now include the word "knowingly." See Illinois Pattern Jury Instruction, Criminal No. 18.08B (approved July 26, 2024).

¶ 14     In its supplemental response brief, the State raises the same arguments it did in *Hampton*, namely, that the IPI instruction tracked the language of the statute and accurately stated the law. Not so. To find Christmas guilty of AHC, the jury had to find he knowingly possessed a firearm, for knowledge is an essential element of the offense. *Hampton*, 2024 IL App (1st) 230171, ¶ 32. The omission of the word "knowledge" rendered the instruction incomplete.

¶ 15      The State argues any error was harmless in Christmas's case and, thus, we should not reverse and remand for a new trial. " 'Omitting an element of the offense from a jury instruction

is harmless if the reviewing court determines, beyond a reasonable doubt, that the error did not contribute to the verdict.' " *Id*. ¶ 42 (quoting *People v. Lindmark,* 381 Ill. App. 3d 638, 656 (2008), *abrogated by People v. Bailey*, 2014 IL 115459). In other words, would the trial result have been different had the jury been properly instructed? *People v. Dennis*, 181 Ill. 2d 87, 95 (1998) (citing *People v. Johnson*, 146 Ill. 2d 109, 137 (1991)). The State bears the burden of proof in a harmless-error analysis. *People v. Thurow*, 203 Ill. 2d 352, 363 (2003) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)).

¶ 16    Christmas's knowing possession of the firearm was the main issue at trial. Based on the record and competing version of events surrounding his knowledge, we find the State has not proven beyond a reasonable doubt that the jury verdict would have been the same absent the instruction error.

¶ 17    At trial, Officer Michael Dearborn testified that he observed the firearm in Christmas's pocket. However, this is not visible in footage from the body camera. In the footage, Christmas can be heard saying his girlfriend has a firearm and "that's why it's in my car." He then says, "I don't have one." Despite this seeming admission, Dearborn found Christmas "passed out" in the car and believed Christmas may have been under the influence of alcohol. In fact, Christmas said he had consumed alcohol and marijuana.

¶ 18    While Christmas was passed out, another individual was seen reaching inside the SUV, and Dearborn surmised he may have been attempting to take property from Christmas while he was out. The presence of this other individual with access to the SUV at least raises a possibility that a jury could find Christmas did not knowingly possess the firearm.

¶ 19    In addition, no forensic examination connected the firearm to Christmas. *People v. Melchor*, 376 Ill. App. 3d 444, 457 (2007) (under harmless-error analysis, evidence of the defendant's guilt was not overwhelming where there was no physical evidence connecting defendant to the crime).

¶ 20    Lending further support to our finding that the error was not harmless, the State repeatedly objected to defense counsel's closing argument that the jury had to find beyond a reasonable doubt that Christmas knew about the firearm to convict him. In sustaining the State's objection, the court admonished the jury that arguments by counsel were not the law, and that the jury would receive the law from the court's jury instructions. The State also told the jury on rebuttal that it was "more than welcome to look through this written instruction and find the word 'knowledge,' " suggesting to the jury that knowledge was not an element of AHC. Further, during deliberations, the jury sent a note asking whether the firearm was registered. In reply, the court referred the jury to the instructions. This could suggest the jury was struggling to reach a consensus on whether the State had proven its case. See *People v. Walker*, 211 Ill. 2d 317, 342 (2004) (relying on questions and notes from the jury during deliberations to conclude that evidence against the defendant was not overwhelming under a harmless error analysis).

¶ 21    In sum, we cannot say that the omission of the knowledge element from the AHC jury instruction was harmless error. See *Hampton*, 2024 IL App (1st) 230171, ¶ 42. This error is unlikely to occur again given the change to IPI Criminal No. 18.08B, which inserted the word "knowingly" after *Hampton.* Illinois Pattern Jury Instruction, Criminal No. 18.08B (approved July 26, 2024). We observe that effective January 1, 2025, the offense of AHC has been renamed "unlawful possession of a firearm by a repeat felony offender," but the elements have not changed.

See Pub. Act 103-822, § 20 (eff. Jan. 1, 2025). Even under this new name, the result would be the same.

¶ 22    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand for a new trial. Double jeopardy does not bar retrial, for when we view all the evidence in the light most favorable to the State, it is sufficient for a rational juror to find Christmas knowingly possessed the firearm and, thus, was guilty beyond a reasonable doubt. See *Hampton*, 2024 IL App (1st) 230171, ¶ 43.

¶ 23    Reversed and remanded.